Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
HYDE & SWIGART
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Attorneys for Plaintiff
Kevin Lemieux

FILED

08 FEB 26 PM 4:10

DEPUTY

BY:

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| Kevin Lemieux, | Case No.: '08 CV 0366 JLS POR |
| | |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **JURY TRIAL DEMANDED** |
| Rosen & Loeb and North American Collectors, Inc., | |
| Defendants. | |

### INTRODUCTION

1.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that

ORIGINAL

1   those debt collectors who refrain from using abusive debt collection practices
2   are not competitively disadvantaged, and to promote consistent State action to
3   protect consumers against debt collection abuses.

4   2.   The California legislature has determined that the banking and credit system
5        and grantors of credit to consumers are dependent upon the collection of just
6        and owing debts and that unfair or deceptive collection practices undermine
7        the public confidence that is essential to the continued functioning of the
8        banking and credit system and sound extensions of credit to consumers. The
9        Legislature has further determined that there is a need to ensure that debt
10       collectors exercise this responsibility with fairness, honesty and due regard for
11       the debtor's rights and that debt collectors must be prohibited from engaging
12       in unfair or deceptive acts or practices.

13  3.   Kevin Lemieux, ("Plaintiff"), through Plaintiff's attorneys, brings this action
14       to challenge the actions of Rosen & Loeb, and North American Collectors,
15       Inc. ("Defendants"), with regard to attempts by Defendants to unlawfully and
16       abusively collect a debt allegedly owed by Plaintiff, and this conduct caused
17       Plaintiff damages.

18  4.   Plaintiff makes these allegations on information and belief, with the exception
19       of those allegations that pertain to a Plaintiff, or to Plaintiff's counsel, which
20       Plaintiff alleges on personal knowledge.

21                          JURISDICTION AND VENUE

22  5.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. §
23       1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

24  6.   This action arises out of Defendants' violations of the Fair Debt Collection
25       Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair
26       Debt Collection Practices Act, California Civil Code §§ 1788-1788.32
27       ("RFDCPA").

28  7.   Because Defendants do business within the State of California, personal

---

**COMPLAINT FOR DAMAGES**            **PAGE 2**

1 | jurisdiction is established.

2 | 8. Venue is proper pursuant to 28 U.S.C. § 1391.

3 | PARTIES

4 | 9. Plaintiff is a natural person who resides in the City of San Diego, County of

5 | San Diego, State of California.

6 | 10. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer"

7 | as that term is defined by 15 U.S.C. § 1692a(3).

8 | 11. Defendants are persons who uses an instrumentality of interstate commerce or

9 | the mails in a business the principal purpose of which is the collection of

10 | debts, or who regularly collects or attempts to collect, directly or indirectly,

11 | debts owed or due or asserted to be owed or due another and are therefore

12 | "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

13 | 12. Plaintiff is a natural person from whom a debt collector sought to collect a

14 | consumer debt which was due and owing or alleged to be due and owing from

15 | Plaintiff, and is a "debtor" as that term is defined by California Civil Code §

16 | 1788.2(h).

17 | 13. Defendants, in the ordinary course of business, regularly, on behalf of

18 | themselves, or others, engages in debt collection as that term is defined by

19 | California Civil Code § 1788.2(b), and are therefore "debt collectors" as that

20 | term is defined by California Civil Code § 1788.2(c).

21 | 14. This case involves money, property or their equivalent, due or owing or

22 | alleged to be due or owing from a natural person by reason of a consumer

23 | credit transaction. As such, this action arises out of a consumer debt and

24 | "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

25 | 15. Defendants operate from the City of Encino, County of Los Angeles, State of

26 | California.

27 | FACTUAL ALLEGATIONS

28 | 16. At all times relevant, Plaintiff was an individual residing within the State of

COMPLAINT FOR DAMAGES                    PAGE 3

California.

17. At all times relevant, Defendants conducted business in the State of California.

18. Sometime before October 24, 2007, Plaintiff is alleged to have incurred financial obligations.

19. These financial obligations were primarily for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. §1692a(5).

20. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

21. Sometime thereafter, but before October 24, 2007, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to he validity of this alleged debt.

22. Subsequently, but before October 24, 2007, the alleged debt was assigned, placed, or otherwise transferred, to Defendants for collection.

23. On or about October 24, 2007, Defendants mailed a dunning letter to Plaintiff. A few days later, Plaintiff received that letter. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a). This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

24. Plaintiff notified Defendants in writing, within the thirty-day period described in 15 U.S.C. § 1692(a), that this alleged debt, or some portion of it, was disputed.

25. Subsequently, on November 10, 2007, Defendants through their representative, Jane Parts, telephoned Plaintiff and demanded payment of the alleged debt.

26. By telephoning Plaintiff, and demanding payment before validating the debt as required pursuant to 15 U.S.C. § 1692g(b), Defendants violated 15 U.S.C. § 1692g and Cal. Civ. Code § 1788.17. During this conversation, Plaintiff told Defendants that legal counsel represented him, and that Plaintiff did not want to be contacted regarding this debt. By coincidence, Plaintiff's counsel was with Plaintiff at the time, having just had lunch with Plaintiff. Plaintiff's counsel spoke with Defendants and advised Defendants that he represented Plaintiff and gave Defendants plaintiff's counsel's telephone number and address.

27. Subsequently, on November 15, 2007, Defendants through their representative, Jane Parts, telephoned Plaintiff and demanded payment of the alleged debt.

28. By telephoning Plaintiff, and demanding payment before validating the debt as required pursuant to 15 U.S.C. § 1692g(b), Defendants violated 15 U.S.C. § 1692g.

29. Because this November 15, 2007 communication did not comply with certain provisions of the FDCPA this communication also violated Cal. Civ. Code § 1788.17.

30. During this November 15, 2007 communication, Defendants told Plaintiff that because Plaintiff wanted Defendants to validate this debt pursuant to the FDCPA and the RFDCPA, Defendants would validate the debt by taking Plaintiff to court. Defendants stated that the only validation Plaintiff would get was through the court documents that would be filed when Defendants sued Plaintiff.

31. This statement represented the threat to take action that Defendants could not

1  legally take or that Defendants did not intend to take, and violated 15 U.S.C. §
2  1692e(5). Because this action violated 15 U.S.C. § 1692e(5), it also violated
3  Cal. Civ. Code 1788.17.

4  32. By communicating with Plaintiff with regard to the alleged debt without the
5      prior consent of Plaintiff given directly to Defendants or the express
6      permission of a court of competent jurisdiction, when Defendant knew or
7      should have known that Plaintiff was represented by an attorney and when
8      Defendants had knowledge of or could have readily ascertained the name and
9      address of the Plaintiff's attorney, Defendants violated 15 U.S.C. §§
10     1692c(a)(2), 1692d, and 1692f.

11 33. Because this communication violates the FDCPA, including, but not limited
12     to, 15 U.S.C. §§ 1692c(a)(2), 1692d, and 1692f, it also violated Cal. Civ.
13     Code §1788.17.

14                 **CAUSES OF ACTION CLAIMED BY PLAINTIFF**
15                                  **COUNT I**
16          **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
17                          **15 U.S.C. § 1692 ET SEQ.**

18 • Plaintiff incorporates by reference all of the above paragraphs of this
19   Complaint as though fully stated herein.
20 • The foregoing acts and omissions constitute numerous and multiple
21   violations of the FDCPA, including but not limited to each and every one of
22   the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.
23 • As a result of each and every violation of the FDCPA, Plaintiff is entitled to
24   any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages
25   in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,
26   reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3)
27   from each Defendant.
28   //

## COUNT II

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### CAL. CIV. CODE §§ 1788-1788.32

- Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
- The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.
- As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each Defendant as follows:

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT

- an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

- an award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

//

## TRIAL BY JURY

34.  Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: _2/22/08_

Respectfully submitted,
**HYDE & SWIGART**

By: _____
Joshua B. Swigart, Esq.
Attorney for Plaintiff

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Kevin Lemieux,

**DEFENDANTS**

Rosen & Loeb and North American Collectors, Inc,

FILED

08 FEB 26 PM 4:11

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

San Diego

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**  Los Angeles
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Joshua B. Swigart (SBN 225557)
411 Camino Del Rio South, Ste. 301
San Diego, CA 92108
Tel: 619-233-7770

**ATTORNEYS (IF KNOWN)**

Unknown

'08 CV 0366 JLS POR

---

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
(For Diversity Cases Only)        FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code 1788-1788.32 (RFDCPA)

---

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| | | | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 950 Constitutionality of State |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | | | ☐ 890 Other Statutory Actions |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| ☐ 290 All Other Real Property | | ☐ 555 Prisoner Conditions | | | |

---

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appelate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23   DEMAND $ 75000   Check YES only if demanded in complaint:   JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**  JUDGE _____   Docket Number _____

DATE 02/22/2008    SIGNATURE OF ATTORNEY OF RECORD

ORIGINAL

1/48/08 #350  SR 2/26/08

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**#  148108      -- SH**

**February  26,  2008
16:15:52**

**Civ  Fil  Non-Pris**
Case #.: 08CV0366
Judge..: JANIS L. SAMMARTINO
Amount.:                 $350.00 CK
Recpt #.: BC2309

**Total->   $350.00**

FROM: LEMIEUX V. ROSEN ET AL